United States District Court
Southern District of Texas
**ENTERED**
September 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALL ABOUT HOMES, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-03750 |
| § | |
| **PHH MORTGAGE CORPORATION,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

In this foreclosure-prevention case, Plaintiff seeks declarations that: (1) Defendants' attempted foreclosure is barred by res judicata and collateral estoppel; (2) Defendants lack standing to foreclose because their Security Instrument is null and void; and (3) Plaintiff's lien is senior to Defendants'. Plaintiff also brings a quiet-title claim and a claim for equitable redemption. Defendants moved to dismiss, and the Court converted the motion to dismiss into a motion for summary judgment as to all claims except for the claim for equitable redemption. For the reasons that follow, Defendants' converted motion for summary judgment is **GRANTED**. Defendants' motion to dismiss Plaintiff's equitable-redemption claim is likewise **GRANTED**.

I.   **BACKGROUND**

On July 7, 2004, Joseph Thomas Hurt took out a home equity loan for $87,500 ("the Loan") from Olympus Mortgage Company. ECF No. 19 at 8. The Loan was secured by Hurt's residence (the "Property"). *Id.* Olympus recorded its Security Instrument in the Harris County Real Property Records. ECF No. 23 at 2. Defendant Wells Fargo later succeeded to Olympus's interest in the Loan and the Security Instrument, but the assignment of the Security Instrument to Wells Fargo was not recorded. The Property then became the subject of four separate proceedings.

1

First, the Greentree-Sand Creek Trail Association ("HOA") sued Hurt in Texas state court for his failure to pay his HOA dues (the "HOA proceeding"). *Id.* at 8. On August 14, 2018, the HOA received a judgment against Hurt, permitting the HOA to foreclose on its lien against the Property. *Id.* The HOA judgment provided that an Order of Sale would issue "subject to any superior liens provided for in the Restrictions or at law." *Id.* The HOA Restrictions specified that its lien was "subordinate to the lien of any first mortgage." *Id.* On June 1, 2021, the Property was sold as directed in the HOA Judgment to "All About Homes, LLC" for $76,000. *Id.*

Second, on February 3, 2021, Wells Fargo filed suit in Texas state court seeking foreclosure of the Property under the Security Instrument because Hurt had defaulted on the Loan (the "Loan Proceeding"). *Id.* On October 5, 2021, the state court rendered judgment, finding that Hurt defaulted on the Loan, Wells Fargo was the beneficiary under the Loan Agreement, and Wells Fargo held the Security Instrument. *Id.* at 10. On October 11, 2021, Wells Fargo recorded a Notice of Trustee's Sale and Appointment of Substitute Trustee in the Harris County Public Records, which stated that Wells Fargo was the current mortgagee and that the property would be sold at a foreclosure sale on November 2, 2021. *Id.*

Third, on August 5, 2021, while the Loan Proceeding was still ongoing, "All About Property, LLC" filed a lawsuit in Texas state court against Olympus seeking a declaration that the Security Instrument was void (the "Declaratory Proceeding"). *Id.* Olympus did not answer, so on October 27, 2021, the state court in the Declaratory Proceeding rendered a No-Answer Default Judgment against Olympus. *Id.* at 11. That Judgment declared that All About Property owned the Property and that the Security Instrument was void and unenforceable. *Id.*

Fourth is the present lawsuit. Plaintiff All About Homes filed a lawsuit in state court against Defendants Wells Fargo and PHH seeking to enjoin Wells Fargo's November 2 foreclosure sale.

Plaintiff obtained an *ex parte* TRO enjoining the sale. Defendants later removed the case to this Court. Plaintiff asserts five claims: three claims for declaratory relief, a claim to quiet title, and a claim for equitable redemption. Defendants moved to dismiss. ECF No. 19. Plaintiff responded, ECF No. 23, and Defendants replied, ECF No. 26. The Court converted the Motion to Dismiss into a Motion for Summary Judgment with respect to all claims except for the claim for equitable redemption. ECF No. 27 at 2. Plaintiff filed a Response to the converted motion, ECF No. 30, and Defendants replied, ECF No. 31.

## II. STANDARD OF REVIEW

The first four claims are at the summary-judgment stage. Summary judgment "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

Plaintiff's equitable-redemption claim is currently at the motion-to-dismiss stage. *See* Fed. R. Civ. P. 12(b)(6). When considering such a motion, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th

Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Defendants advance five arguments: (A) Plaintiff's declaratory judgment claim premised on res judicata and offensive collateral estoppel fails as a matter of law; (B) Plaintiff's declaratory judgment claim premised on a lack of assignments and transfers fails as a matter of law; (C) Plaintiff's declaratory judgment claim premised on the allegation that the HOA Foreclosure Deed extinguished the Security Instrument fails as a matter of law; (D) Plaintiff's quiet title claim duplicates Plaintiff's meritless declaratory judgment claim; and (E) Plaintiff does not plausibly plead an equitable redemption claim. ECF No. 19 at 2.

### A. Declaratory Judgment Claim Based on Res Judicata and Collateral Estoppel

Plaintiff first seeks a declaration that Defendants' claim to the property is barred by res judicata and collateral estoppel. Plaintiff points to the October 27, 2021, No-Answer Default Judgment, which declared that (1) All About Property owns the Property, and (2) the Security Instrument is void. ECF No. 16 ¶¶ 12-14; *see also* ECF No 30-7 (No-Answer Default Judgment). Defendants argue that the No-Answer Default Judgment is void, and neither res judicata nor offensive collateral estoppel apply. ECF No. 19 at 15-22. Defendants are entitled to summary judgment on this claim

First, Defendants are correct that the No-Answer Default Judgment is void because the state court lacked subject-matter jurisdiction. There is a general presumption supporting judgments

4

rendered by other courts, but that presumption "does not apply when the record affirmatively reveals a jurisdictional defect." *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam). "[A] federal court may entertain a collateral attack on a state court judgment in four instances: 1) if the state court lacked jurisdiction over the party or his property; 2) if the state court lacked jurisdiction over the subject matter of the suit; 3) if the state court lacked jurisdiction to enter the particular judgment rendered; or 4) if the state court lacked the capacity to act as a court." *Steph v. Scott*, 840 F.2d 267, 270 (5th Cir. 1988).

Defendants argue that the state court lacked subject-matter jurisdiction over the Declaratory Proceeding. A Texas state court lacks subject-matter jurisdiction if a plaintiff lacks standing to bring the claim. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). In Texas, standing requires a "real controversy between the parties" that will be "actually determined by the judicial declaration sought." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). As a result, "a plaintiff may not sue for breaches of legal rights belonging to other parties." *Bowman v. Bank of New York Mellon Tr. Co., N.A.*, 2016 WL 258765, at *6 (Tex. App. Jan. 21, 2016).

In the Declaratory Proceeding, All About Property asserted claims for quiet title and declaratory judgment on the Property. The Declaratory Proceeding ended with a No-Answer Default Judgment in favor of All About Property against Olympus. The problem, however, is that All About Property did not own the Property; All About Homes, did. All About Property thus lacked standing because any legal right at issue belonged, not to it, but to All About Homes.

Plaintiff admits that this was a mistake. Yet Plaintiff submits that this technicality should not void the No-Answer Default Judgment. To support this position, Plaintiff makes three arguments. None succeeds.

Plaintiff first suggests that All About <u>Homes</u> and All About <u>Property</u> are in privity. "Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800–01 (Tex. 1992). Plaintiff notes that All About <u>Property</u> and All About <u>Homes</u> "are closely tied and related entities with similar ownership and management structures." ECF No. 23 at 5.

This argument is not persuasive. "The Supreme Court of Texas has 'never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances.'" *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 424 (5th Cir. 2014) (quoting *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 451 (Tex. 2009)). One purpose of creating separate corporate entities is to shield the assets of one from the liabilities of the other. It would be perverse for All About <u>Homes</u> to avoid liability for All About <u>Property</u>'s obligations, yet also find that the two entities are sufficiently identical such that the latter can assert a claim on the former's behalf. And no allegations in the Complaint (or facts in the record) suggest that All About <u>Property</u> was positioned to assert the rights of All About <u>Homes</u>. The two entities are not in privity with each other.

Second, Plaintiff argues that any defect in the Declaratory Proceeding relates only to All About <u>Property</u>'s *capacity* to bring the suit, to its *standing*. Parties "must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v Lovato*, 171 S.W. 845, 848 (Tex. 2005). "[A] plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) (quoting *Nootsie, Ltd. V. Williamson Cnty.*

6

*Appraisal Dist.*, 925 S.W.3d 659, 661 (Tex. 1996)). In other words, "[t]he issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing*, 171 S.W. at 848 (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: CIVIL 2D § 1559 (2d ed. 1990)).

Plaintiff relies primarily on *John C. Flood of DC, Inc. v. Supermedia, L.L.C.*, 408 S.W.3d 645, 651-52 (Tex. App. 2013), a breach-of-contract case In *Supermedia*, the Texas Court of Appeals held that the issues of contractual privity and whether a party could sue under the contract implicated that party's capacity, not its standing. *Id.* at 651.

*Supermedia* is inapposite. *See* ECF No. 31 at 5-6. In *Supermedia*, privity was at issue because, without contractual privity, the plaintiff could not assert a breach-of-contract claim. That the plaintiff was injured was not in dispute. Instead, the dispute centered on whether the plaintiff could bring a *contract* claim. Here, privity is at issue for an entirely different reason. Absent privity between All About Homes and All About Property, All About Property lacked any interest in the Property at all. Thus, any relief that the Declaratory Proceeding provided had no impact on All About Property's legal rights or obligations. All About Property was therefore without standing, and the state court was without jurisdiction.

In its final effort to argue that the No-Answer Default Judgment is not void, Plaintiff contends that All About Property brought the Declaratory Proceeding in a representative capacity on behalf of All About Homes. This argument, however, is belied by the filings in that proceeding. In its Petition in the Declaratory Proceeding, All About Property defined the Plaintiff as "All About Property, LLC." ECF No. 30-6 at 1. It alleged that (1) the Property was sold to the Plaintiff (All

7

about Property) and (2) the Security Instrument interfered with the Plaintiff's (All About Property's) title. *Id.* ¶¶ 9, 13. It sought an injunction "enjoining any interference with the Plaintiff's [All About Property's] ownership and enjoyment of the Property." *Id.* at 4. And the state court ordered "that Plaintiff [All About Property] is the owner of [the Property]." ECF No. 30-7 at 2. Even drawing all reasonable inferences in All About Homes's favor, it is clear that All About Property did not bring the Declaratory Proceeding in a representative capacity. Thus, All About Property lacked standing to bring the Declaratory Proceeding, and the No-Answer Default Judgment is void.

Because the No-Answer Default Judgement is void, neither res judicata nor collateral estoppel applies. Both require that the previous proceeding involved a valid final judgment. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705-06 (Tex. 2021); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). Because there was no valid final judgment, the doctrines of res judicata and collateral estoppel do not apply. Defendants are therefore entitled to summary judgement with respect to Plaintiff's first declaratory claim.

### B. Declaratory Judgment Claim Based on Unrecorded Assignment of Property

Plaintiff next alleges that Defendants do not validly hold the Security Instrument because the assignment was never recorded. *See* ECF No. 16 at 4-5. Defendants argue that Texas law does not require assignments to be recorded. Defendants are correct.

Texas Local Government Code § 192.007(a) provides: "To . . . assign . . . an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded." Despite the use of the word "must," the Fifth Circuit has held that this language is "a procedural directive to county clerks about how to record

subsequent documents," and "not an affirmative mandate to the public that deed-of-trust beneficiaries must record assignments of either the deed of trust itself or the related promissory note." *Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 556 (5th Cir. 2015). The holder of unrecorded instruments may lose priority, but the instrument is still valid. *Id.* at 555. In sum, Texas law imposes no duty to record the assignment of the instrument. Defendants are therefore entitled to summary judgment with respect to Plaintiff's second cause of action.

### C. Declaratory Judgment Claim Based on Lien Priority

Plaintiff alternatively seeks a declaratory judgment that the HOA's sale to Plaintiff voided the Security Instrument and that the HOA's loan was superior to the unrecorded assignment of the Security Instrument. *See* ECF No. 16 at 5-6. Plaintiff contends that Defendants' failure to record meant that purchasers were not on notice of Defendants' assignment. *See* ECF No. 23 at 9-10.

As a threshold matter, the HOA sale could not have voided the Security Instrument unless the Security Instrument were the junior lien. *See Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 95 (Tex. App. 2011) ("Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed."). If the assignment of the Security had been recorded, this issue would have been clear cut. When Plaintiff purchased the property, it had notice of the Security Instrument. *See Aston Medows, Ltd v. Devon Energy Production Co.*, 359 S.W.3d 856, 859 (Tex. App. 2012) ("[A]n 'instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument.'" (quoting Tex. Prop. Code Ann. § 13.002)). "[U]nder most circumstances, foreclosure on a junior lien will not extinguish a senior lien and the purchaser at the foreclosure sale will take subject to the senior lien." *I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 473 (Tex. App. 2012). Without the wrinkle of the unrecorded assignment, Plaintiff would have acquired its interest subject to the Security Instrument.

The issue is more complicated, however, because the assignment was not recorded. Plaintiff argues that the Security Instrument lost its seniority because Plaintiff at all times lacked notice that Defendants held the Security Instrument. But "[t]he fact that [Plaintiff] may not have known the identity of the party presently holding the [Instrument] did not change the fact that it purchased the Property subject to the senior lien." *KCB Equities, Inc. v. HSBC Bank, USA*, No. 05-10-01648, 2012 WL 198599, at *2 (Tex. App. June 4, 2012); *see In re Cowin*, 492 B.R. 858, 890 (Bankr. S.D. Tex. 2013), *aff'd*, 538 B.R. 721 (S.D. Tex. 2015), *aff'd sub nom*. *Matter of Cowin*, 864 F.3d 344 (5th Cir. 2017) ("Texas case law has so far held that the assignee of a deed of trust is not required to record its interest for that interest to be effective."). In short, even if an assignment of a senior lien is not recorded, the senior lien (here, the Security Instrument), continues to have priority after the junior lienholder forecloses.

It is true that Plaintiff lacked notice that *Wells Fargo* held the Instrument. But, again, the relevant question is "whether the third parties had notice of the preexisting security interest," not whether they knew who held that interest. *Id.* In other words, notice depends on notice of the *earlier instrument*, not notice of *who held that instrument*.

Perhaps if Defendants had recorded the assignment of the Security Instrument, much of this litigation could have been avoided. But the failure to record does not, in this case, impact lien priority, and the Security Instrument remained the senior lien. As a result, Defendants are entitled to summary judgment with respect to Plaintiff's third declaratory cause of action.

### D. Quiet Title Claim

Plaintiff's fourth cause of action is a quiet-title claim. Plaintiff alleges that the Security Instrument is invalid. ECF No. 16 ¶¶ 27-28. Defendants argue that Plaintiff's quiet-title claim simply replicates Plaintiff's declaratory-judgment claims. ECF No. 19 at 25.

Defendants are correct that Plaintiff's quiet-title claim can succeed only if at least one of Plaintiff's declaratory-judgment claims is meritorious. For its quiet-title claim, Plaintiff must show (1) that it has a "right, title, or ownership in real property"; (2) "that the defendant has asserted a 'cloud' on his property"; and (3) "that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). Here, the third prong of the test—whether Defendants' claim is invalid—is the subject of the dispute. Plaintiff offers three reasons that Defendants' claim is invalid. Plaintiff's arguments are the same as those it offered in support of its three declaratory-judgment claims. For the reasons explained above, however, none of these grounds succeeds. *See* Sections III.A-C, *supra*. Thus, Plaintiff's quiet-title claim fails as well.

### E. Equitable Redemption Claim

Plaintiff's final cause of action is based on equitable redemption. ECF No. 16 ¶¶ 29-33. Defendants argue that the Court should dismiss this claim because Plaintiff has not yet paid the redemption amount to Defendants. ECF No. 19 at 25-26. Plaintiff contends that it needs only to show that it is ready, able, or willing to redeem the property. ECF No. 32 at 11.

In *Scott v. Dorothy B. Schneider Estate Trust*, the Texas Court of Appeals explained that, to have a valid claim for equitable redemption, a plaintiff must: (1) have "a legal or equitable interest in the property subject to the mortgage"; (2) "suffer a loss as a result of foreclosure"; and (3) "prove that he is ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties are subject." 783 S.W.2d 26, 28 (Tex. App. 1990) (cleaned up). The third prong of this test is at issue.

Other cases applying this same rule clarify the meaning of this phrase. For example, in *Familglia Fatta, LLC v. Ocwen Loan Servicing, LLC*, No. 4:18-CV-1147, 2019 WL 3892368, at *4 (S.D. Tex. Aug. 19, 2019), the court explained: "To establish that a party is ready, willing, and

11

able to redeem, the party seeking to redeem a property must demonstrate that it tendered money in the redemption amount." Other courts have articulated the same principle. *See, e.g.*, *Kingman Holdings, LLC v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-41-M (BT), 2018 WL 3448556, at *3 (N.D. Tex. June 28, 2018), report and recommendation, No. 3:17-CV-41-M (BT), 2018 WL 3439681 (N.D. Tex. July 17, 2018) ("In order to prove that a party is 'ready, willing, and able to redeem a property,' the party must show it made a tender of money in the redemption amount."); *Basil Tr. v. Wells Fargo Bank N.A.*, No. 5:15-CV-328-DAE, 2016 WL 11578525, at *3 (W.D. Tex. May 13, 2016) ("To assert a claim for equitable redemption, a plaintiff must tender the amount owed on the note."). In short, Defendants are correct that Plaintiff can state a claim for equitable redemption only if it plausibly alleges that it already tendered the amount owed. Plaintiff has not alleged this fact, so its equitable-redemption claim must be dismissed.

## IV.   CONCLUSION

The Court **GRANTS** summary judgment to Defendants on Plaintiff's three declaratory causes of action and claim for quiet title. The Court further **GRANTS** Defendants' motion to dismiss Plaintiff's claim based equitable redemption.

**IT IS SO ORDERED.**

Signed at Houston, Texas on September 19, 2022.

Keith P. Ellison
United States District Judge